<u>AFFIDAVIT IN SUPPORT OF SEIZURE WARRANT</u>

BRANDON KEALIHER, being duly sworn, deposes and states as follows:

**INTRODUCTION**

1. I am a Special Agent (SA) employed by the Federal Bureau of Investigation ("FBI"). I have been so employed for three years. Currently, I am assigned to the Asset Forfeiture/Money Laundering Squad in the FBI's Washington, D.C. Field Division. My duties include investigating the asset forfeiture aspects of suspected violations of federal law, including money laundering, in violation of Title 18, United States Code, §§ 1956 and 1957, as well as, health care fraud, mail fraud, wire fraud, and bank fraud under Title 18, United States Code. I also investigate the asset forfeiture aspects of narcotics violations under Title 21, United States Code.

2. I am currently assisting FBI Special Agent Sherri Queener. SA Queener is assigned to work Health Care Fraud violations. SA Queener is investigating this case with investigators from the District of Columbia Department of Insurance, Securities, and Banking. The statements contained in this affidavit are based in part on reports and conversations provided by SA Queener and other law enforcement officers familiar with this investigation. In addition, I have reviewed bank records and documents obtained during the investigation of this matter, and I have discussed the bank records and financial information with an FBI financial analyst working on this case.

3. This affidavit is in support of a seizure warrant for the following:

All funds up to the amount of $148,000.00 in A.G. Edwards Investment Account xx-xxxxx7-111, held in the name of Afsaneh Tehrani & Jahangir Tehrani.

4. As discussed in detail below, these funds are subject to seizure and forfeiture pursuant to Title 18, U.S.C. Section 981(a)(1)(C), as property, real or personal, derived from proceeds traceable to violations of Title 18, U.S.C. § 1347 (Health Care Fraud), and violations of 18 U.S.C. § 1035 (False Statements Regarding Health Care Matters). These funds are also subject to seizure and forfeiture pursuant to Title 18, U.S.C. § 981(a)(1)(A), as property involved in a transaction in violation of 18 U.S.C. §§ 1956 or 1957 (Money Laundering), or property traceable thereto.

## THE SCHEME

5. Afsaneh Tehrani (TEHRANI) is the owner, operator, President, Vice President, Secretary, and Treasurer of DC Dentistry, a dental clinic located at 1712 I Street, N.W., Suite 910, Washington, D.C. 20006. DC Dentistry was incorporated in August 1997, by TEHRANI. TEHRANI, who is not a dentist, but makes appointments, collects payments from patients, performs all of the billing to private insurance companies for services, and pays the clinic's expenses, including the payroll. DC Dentistry employs licensed dentists to perform dental procedures and to provide dental services to patients. TEHRANI hires employees of the clinic, including the dentists. The dentists provide a range of dental services, including cleaning teeth, inserting fillings, extracting teeth, and other orthodontic procedures, such as the fitting of braces.

6. Several private insurance companies began investigating DC Dentistry as a result of complaints filed by patients. In October 2005, a federal search warrant was executed at DC Dentistry.

As a result of the execution of the search warrant, SA Queener and other law enforcement officers learned that many of the patient records were missing from DC Dentistry. Some of the patient records contained erasures or odd entries which indicated that they have been edited.

Although TEHRANI alleged that some patient records had been destroyed by a water leak, employees of DC Dentistry contradicted her claim and told law enforcement officers that patient records were not destroyed as a result of the water leak. The investigation has revealed that no insurance claims, filed as a result of the water leak, contained a claim for damaged patient records. In addition, photographs taken of the damage from the water leak did not include any photographs of patient records.

7. The federal search warrant was part of an investigation of health care fraud and the submission of false claims by TEHRANI and DC Dentistry to private insurance companies, such as Aetna, Metlife, and Cigna. Evidence obtained during the investigation shows that for years, TEHRANI engaged in a scheme to defraud private insurance companies and regularly submitted false claims to private insurance companies related to dental procedures and services. **On August 3, 2006, TEHRANI was indicted by a federal grand jury for criminal violations related to the fraudulent schemes she perpetrated through DC Dentistry.**

8. Your affiant has determined that, based upon a review of claims submitted for dental procedures and services by TEHRANI, and interviews of DC Dentistry patients, TEHRANI submitted numerous false claims to private insurance companies during the time period from in or about November 1997, through in or about June 2005. TEHRANI submitted or caused to be submitted numerous claims to private insurance companies claiming that certain dental

3

procedures had been performed on patients, when in fact, no such procedures were performed on these patients. A clear example of this is a claim filed for the extraction of a tooth when the patient's chart contains an x-ray, taken at a later date, clearly showing the same tooth still in the patient's mouth. In some instances, TEHRANI resubmitted claims for the same procedures, that had been performed, to a second private insurance company after these claims had already been paid by the first private insurance company. At other times, TEHRANI submitted claims for procedures that had not been performed to two private insurance companies. There is evidence to show that TEHRANI, through DC Dentristy, submitted false claims for dental work totaling at least $148,000.00.

9. Investigators involved in this case have examined claims for dental procedures and services submitted to private insurance companies by TEHRANI and have interviewed numerous patients who purportedly received these dental services. Based upon a review of these claims and interviews of the patients, the evidence shows that TEHRANI submitted or caused to be submitted false claims, including the following, to private insurance companies claiming that DC Dentistry had performed certain dental procedures for these patients. The patients deny receiving these procedures or services, and these procedures or services are of the type which a patient would remember. In some instances, patients have a $2,000 life-time cap for some dental procedures and services such as braces:

4

| Date of Service | Procedure Billed Without Services | Insurance Co. | Amount Paid |
|---|---|---|---|
| 4/27/1999 | Braces | Metlife | $ 1825.00 |
| 2/8/2000 | Root Canal | Metlife | $ 696.00 |
| 9/16/2000 | Braces | Metlife | $ 2,000.00 |
| 4/30/2001 | Braces | Cigna | $ 1,500.00 |
| 7/5/2001 | Root Canal | Metlife | $ 840.00 |
| 7/15/2001 | Braces | Metlife | $ 2,000.00 |
| 9/4/2001 | Pulpotomy | Aetna | $ 280.00 |
| 9/21/2001 | Braces | Metlife | $ 2,000.00 |
| 9/22/2001 and | Braces-Same Patient | Metlife | $ 2,000.00 |
| 3/27/2004 | | Aetna | $ 2,000.00 |
| 2/13/2003 | Braces | Cigna | $ 1,500.00 |
| 3/8/2003 and | Braces-Same Patient | Metlife | $ 2,000.00 |
| 3/6/2004 | | Aetna | $ 2,000.00 |
| 3/8/2003 and | Braces-Same Patient | Metlife | $ 2,000.00 |
| 3/6/2004 | | Aetna | $ 2,000.00 |
| 11/1/2003 | Root canal | Metlife | $ 840.00 |
| 12/30/2003 | Crown | Metlife | $ 1,115.40 |
| 3/13/04 | Braces | Aetna | $ 2,000.00 |
| 6/12/04 | Braces | Aetna | $ 2,000.00 |

**TRACING THE FUNDS**

10. Your affiant has reviewed records pertaining to bank accounts and investment accounts held in the names of DC Dentistry, and TEHRANI and her husband, Jahangir A. Tehrani. TEHRANI has transferred monies received by DC Dentistry from private insurance companies from Bank of America accounts into a PNC Bank account held jointly with her

5

husband. She has then transferred monies from the PNC Bank account into other accounts held jointly with her husband, Jahangir A. Tehrani, including an A.G. Edwards investment account. These accounts are as follows:

| Bank of America | Names of Accounts |
|---|---|
| xxxxxxxx6882 (closed 12/17/2002) | DC Dentistry |
| xxxxxxxx1652 (opened 5/2002) | DC Dentistry |

| PNC Bank (formerly Riggs Bank) | Names on the Account |
|---|---|
| xxxxxx8307 (formerly 14296340) | Jahangir A. Tehrani and/or Afsaneh Tehrani |

| A.G. Edwards (investment accounts) | Names on the Accounts |
|---|---|
| xx-xxxxx7-111 | Afsaneh Tehrani & Jahangir Tehrani JT Ten |

11. A review of financial records show that checks that were received by DC Dentistry from private insurance companies as a result of fraudulent claims made by TEHRANI, were deposited into the Bank of America accounts and later transferred to the other accounts listed above. A review of records for Bank of America accounts listed above shows deposits of more than $148,000.00 into these accounts, which represent payments for fraudulent claims submitted by TEHRANI. Thereafter, TEHRANI transferred at least $148,000.00 from Bank of America Account xxxxxxxx1652 into the PNC Bank account listed above and held jointly with her husband. TEHRANI then transferred at least $148,000.00 from the PNC Bank account to the A.G. Edwards investment account held jointly with her husband.

**CONCLUSION**

12. Based on the information contained in this affidavit, there is probable cause to believe that TEHRANI committed violations of 18 U.S.C. § 1347 (Health Care Fraud), 18 U.S.C. § 1035 (False Statements Regarding Health Care Matters), and 18 U.S.C. §§ 1956 or 1957 (Money Laundering). There is also probable cause to believe that funds up to the amount of $148,000.00, held in A.G. Edwards Investment Account xx-xxxxx7-111, are subject to seizure and forfeiture pursuant to Title 18, U.S.C. Section 981(a)(1)(C), as property, real or personal, derived from proceeds traceable to violations of Title 18, U.S.C. § 1347 (Health Care Fraud), and violations of 18 U.S.C. § 1035 (False Statements Regarding Health Care Matters), and, pursuant to Title 18, U.S.C. § 981(a)(1)(A), as property involved in a transaction in violation of 18 U.S.C. §§ 1956 or 1957 (Money Laundering), or property traceable thereto.

WHEREFORE, it is requested that a seizure warrant be issued for all funds up to the amount of $148,000.00 held in A.G. Edwards Investment Account xx-xxxxx7-111, held in the name of Afsaneh Tehrani & Jahangir Tehrani, located at 1 North Jefferson Street, 10th Floor, St. Louis, Missouri 63103.

_____
Brandon Kealiher, Special Agent
Federal Bureau of Investigation
United States Department of Justice

SWORN TO AND SUBSCRIBED before me this 3rd day of August, 2006.

_____
United States Magistrate Judge
for the District of Columbia